Jeffry Mulyono GUNAWAN, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71824.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 10, 2004.*

Decided Aug. 13, 2004.

Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

of Homeland Security, San Francisco, CA, William C. Peachey, U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, KOZINSKI, and HAWKINS, Circuit Judges.

### MEMORANDUM **

Substantial evidence supports the Immigration Judge's ("IJ") determination that petitioner Jeffry Gunawan was not a victim of past persecution in Indonesia on account of his Chinese ethnicity. Gunawan has failed to establish that the incidents of discrimination were perpetrated by the government or individuals that the government was unable or unwilling to control. *See Singh v. INS,* 134 F.3d 962, 967 n. 9 (9th Cir.1998).

Substantial evidence also supports the IJ's determination that Gunawan did not establish a well-founded fear of future persecution on account of his race or religion. Gunawan's background evidence on country conditions did not establish a "pattern or practice" of systemic persecution of Chinese or Christians. *See* 8 C.F.R. § 1208.13(b)(2)(iii)(A)-(B); *see also Mgoian v. INS,* 184 F.3d 1029, 1035 (9th Cir. 1999). Thus, Gunawan must show some individualized concern, above and beyond "the existence of a generalized or random possibility of persecution in his native country," which he has not done. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001).

Because Gunawan has failed to satisfy the requirements for asylum, he fails to meet the more stringent standard for withholding of removal. *Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995). Furthermore, because he has not established that it is more likely than not that he would be tortured if returned to Indonesia, his claim under the Convention Against Torture also fails. *Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001).

**PETITION DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

